*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KISOR, GANNON, and FLINTOFT
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Stealth D. J. MENDOZA**
Electrician's Mate Fireman (E-3),
U.S. Navy
*Appellant*

**No. 202500096**

_____

Decided: 24 July 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Derek D. Butler (Arraignment)
Kimberly J. Kelly (Motions and Trial)

Sentence adjudged 4 November 2021 by a general court-martial convened at Naval Station Mayport, Jacksonville, Florida, consisting of officers and enlisted members. Sentence in the Entry of Judgment: reduction to E-2, hard labor without confinement for a period of 60 days, and restriction to the limits of USS *Carney* for 60 days.

For Appellant:
*Lieutenant Commander Meggie C. Kane-Cruz, JAGC, USN*

For Appellee:
*Colonel Dillon A. Fishman, USMCR*
*Captain Jabob R. Carmin, USMC*

————————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

————————————

PER CURIAM:

A panel of members with enlisted representation sitting as a general court-martial convicted Appellant, contrary to his pleas, of one specification of assault consummated by a battery upon an intimate partner, in violation of Article 128, Uniform Code of Military Justice (UCMJ).[1]

Appellant raises one assignment of error (AOE) pursuant to *United States v. Grostefon*:[2] whether the military judge abused her discretion when she admitted Appellant's Naval Criminal Investigative Service statement under Military Rule of Evidence 304(c).

We carefully considered the AOE raised by Appellant and find it does not require discussion or relief.[3]

---

[1] 10 U.S.C. § 928. The finding of guilty to assault consummated by a battery was a lesser included offense of the charged offense of aggravated assault, which was modified by the military judge following a Rule for Courts-Martial 917 motion. R. 492-93.

[2] 12 M.J. 431 (C.M.A. 1982).

[3] *United States v. Matias*, 25 M.J. 356, 363 (C.M.A. 1987); *See* Mil. R. Evid. 304(c) ("An admission or a confession of the accused may be considered as evidence against the accused on the question of guilt or innocence only if independent evidence, either direct or circumstantial, has been admitted into evidence that would tend to establish the trustworthiness of the admission or confession. . . . Not every element or fact contained in the confession or admission must be independently proven for the confession or admission to be admitted into evidence in its entirety."); *United States v. Guihama*, 85 M.J. 48, 57 (C.A.A.F. 2024) (quoting *United States v. Melvin*, 26 M.J. 145, 145 (C.M.A. 1988) ("the amount of corroboration generally needed is not great.").

## CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[4]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[4] Articles 59 & 66, UCMJ.